Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN MITCHELL and BRIAN SPURLOCK,<br><br>*Plaintiffs*,<br><br>v.<br><br>GANNETT CO., INC.; THE HERALD-MAIL COMPANY d/b/a DAILY AMERICAN; HOOSIER TIMES, INC. d/b/a THE HERALD-TIMES; PALM BEACH NEWSPAPERS, LLC d/b/a THE PALM BEACH POST; SOUTHERN COMMUNITY NEWSPAPERS, INC. d/b/a THE ALBANY HERALD, CLAYTON DAILY, ROCKDALE NEWTON CITIZEN, HENRY HERALD, and JACKSON PROGRESS-ARGUS; and TIMES-JOURNAL, INC. d/b/a GWINNETT DAILY POST,<br><br>*Defendants*. | Civil Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Steven Mitchell ("Mitchell") and Brian Spurlock ("Spurlock") (together as "Plaintiffs"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for their Complaint against Defendants Gannett Co., Inc.; The Herald-Mail Company d/b/a Daily American; Hoosier Times, Inc. d/b/a The Herald-Times; Palm Beach Newspapers LLC d/b/a The Palm Beach Post; Southern Community Newspapers, Inc. d/b/a The Albany Herald, Clayton Daily, Rockdale Newton Citizen, Henry Herald, and Jackson Progress-

1

Argus; and Times-Journal, Inc. d/b/a Gwinnett Daily Post (collectively "Defendants"), hereby assert and allege as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for copyright infringement and related claims brought against the Defendants for unauthorized and infringing uses of Plaintiffs' copyrighted photographs as alleged herein.

2. Plaintiffs seek damages and other relief related to the Defendants' willful or reckless infringements of Plaintiffs' copyrights in the original works identified herein.

## THE PARTIES

3. Plaintiff Mitchell is a resident of the State of Florida.

4. Plaintiff Spurlock is a resident of the State of Indiana.

5. Plaintiffs are freelance photographers and photojournalists who make their living by taking and licensing news and sports-related photographs, primarily for editorial use.

6. Plaintiffs are the exclusive owners of the copyrights in the photographs identified herein and that are the subject of this action (the "Subject Photographs").

7. No person or entity other than Plaintiffs, as the sole and exclusive owner of the copyrights and claims at issue herein, is authorized or has permission or a license to bring, compromise, settle, or release any of the claims at issue in this action.

8. Upon information and belief, Defendant Gannett Co., Inc. ("Gannett") is a large media holding company registered in Delaware, with its headquarters in McLean, Virginia.

9. Upon information and belief, Gannett owns and operates over 200 daily newspapers published across the country.

10. Upon information and belief, Gannett is the parent corporation of Defendant The Herald-Mail Company, a Maryland corporation which owns/publishes the "Daily American" newspaper in Somerset, Pennsylvania.

11. Upon information and belief, Gannett is the parent corporation of Defendant Palm Beach Newspapers, LLC, a Florida limited liability company that owns/publishes "The Palm Beach Post" newspaper in Palm Beach, Florida.

12. Upon information and belief, Gannett is the parent corporation of Defendant Hoosier Times, Inc., an Indiana corporation which owns/publishes "The Herald-Times" newspaper in Bloomington, Indiana.

13. Upon information and belief, Gannett owns and operates the Daily American website located at www.dailyamerican.com, The Palm Beach Post website located at www.palmbeachpost.com, and The Herald-Times website located at www.heraldtimesonline.com.

14. Upon information and belief, Defendant Southern Community Newspapers, Inc. ("SCNI"), is a newspaper publishing company registered in Delaware, with its headquarters located in Lawrenceville, Georgia.

15. Upon information and belief, SCNI owns and operates several local newspapers, including The Albany Herald, Clayton Daily, Rockdale Newton Citizen, Henry Herald, and Jackson Progress-Argus (collectively, the "SCNI Newspapers").

16. Upon information and belief, SCNI owns and operates each of the SCNI Newspapers' websites, respectively located at www.albanyherald.com, www.news-daily.com, www.rockdalenewtoncitizen.com, www.henryherald.com, and www.jacksonprogress-argus.com.

17. Upon information and belief, Defendant Times-Journal, Inc. ("TJI") is a media holding company registered in Georgia, with its headquarters located in Marietta, GA.

18. Upon information and belief, TJI owns and operates the Gwinnett Daily Post, which it acquired from Defendant SCNI in 2022, as well as its website located at www.gwinnettdailypost.com.

## JURISDICTION AND VENUE

19. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

20. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because, upon information and belief, Defendants conduct substantial business within the State of New York and in this District.

21. This Court has personal jurisdiction over the Defendants because, upon information and belief, they conduct substantial business in the State of New York and have previously consented to jurisdiction in this District.

22. Upon information and belief, Defendant Gannett maintains offices in this District and is registered to conduct business in New York state.

23. Upon information and belief, Gannett manages and operates the websites for the Daily American, Palm Beach Post, and The Herald-Times newspapers from its offices in this District.

24. Upon information and belief, the contracts Gannett has entered into with its subsidiary newspapers are governed under New York law and require any disputes be litigated in New York courts.

25. Upon information and belief, Defendants SCNI and TJI have each entered into contracts with businesses located in this District and distribute newspapers to customers in New York state.

26. Upon information and belief, Defendants have substantial contacts in New York for purposes of licensing third-party intellectual property that is published and distributed in their respective newspapers and online/digital platforms.

## FACTUAL ALLEGATIONS

27. This matter is related to another case filed by Plaintiffs, captioned *Spurlock, et al. v. Thomson Reuters America Corporation, et al.*, Case No. 1:20-cv-09135-JPC, filed in this District.

28. Plaintiffs previously licensed their photographs through Imagn Content Services, LLC ("Imagn"), the photo licensing division of the USA Today Network, and a subsidiary of Gannett.

29. Plaintiffs terminated their contracts with Imagn in 2021.

30. Upon information and belief, the Defendants in this action published and displayed Plaintiffs' respective Subject Photographs online in a commercial manner, offering visitors the ability to purchase copies of the photographs on prints, postcards, and other merchandise, by including a "Buy Now" digital button directly underneath the photographs.

31. Plaintiffs never authorized Defendants to make such commercial uses and sales of their respective Subject Photographs.

32. Upon information and belief, the Defendants did not purchase a license from Imagn to permit Defendants to make such commercial uses and sales of their respective Subject Photographs.

33. Upon information and belief, Defendants also published and displayed copies of other photographs created and owned by Plaintiffs, editorially (without the "Buy Now" option), without any license from Plaintiffs or Imagn.

34. Plaintiffs' respective claims related to the Daily American are listed in the chart attached hereto as **Exhibit 1**.

35. Plaintiffs' respective claims related to The Herald-Times are listed in the chart attached hereto as **Exhibit 2**.

36. Plaintiffs' respective claims related to the Palm Beach Post are listed in the chart attached hereto as **Exhibit 3.**

37. Plaintiffs' respective claims related to The Albany Herald are listed in the chart attached hereto as **Exhibit 4.**

38. Plaintiffs' respective claims related to the Henry Herald are listed in the chart attached hereto as **Exhibit 5.**

39. Plaintiffs' respective claims related to the Clayton Daily are listed in the chart attached hereto as **Exhibit 6.**

40. Plaintiffs' respective claims related to the Rockdale Newton Citizen are listed in the chart attached hereto as **Exhibit 7.**

41. Plaintiffs' respective claims related to the Jackson Progress-Argus are listed in the chart attached hereto as **Exhibit 8.**

42. Plaintiffs' respective claims related to the Gwinnett Daily Post are listed in the chart attached hereto as **Exhibit 9.**

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

43. Plaintiffs repeat and re-allege each allegation stated above as if set forth fully herein.

44. Plaintiffs exclusively own all copyrights in and to their respective Subject Photographs listed in Exhibits 1 through 9 and have registered their copyrights with the U.S. Copyright Office.

45. In all cases, although Plaintiffs previously licensed and distributed their photographs through Imagn, which acted as their licensing agent, Plaintiffs retained ownership of and all copyrights in/to their photographs.

46. Although Imagn is a subsidiary of Defendant Gannett, any commercial or a la carte licenses required that a payment be made to Plaintiffs and that such licenses be tracked and reported by Imagn.

47. Plaintiffs never received any licensing royalties from Defendants' newspaper properties, nor are such entities editorial subscription customers of Imagn.

48. Upon information and belief, Imagn did not grant licenses to Defendants that would have been required to permit Defendants to make such uses of Plaintiffs' Subject Photographs.

49. Upon information and belief, Imagn had no valid legal authority and was not permitted to grant or license to the Defendants the usage rights that would have been required to make such commercial uses of Plaintiffs' Subject photographs, including because the photographs featured the trademarks, logos, and other intellectual property of sports teams, leagues, and athletes and Imagn does not have and has never had a license from the respective teams, leagues, or athletes needed to grant commercial use licenses to its customers.

50. Defendants displayed, published, distributed, and/or otherwise used and commercially exploited the Subject Photographs as alleged herein without valid authorization or a license.

51. Plaintiffs presently lack information necessary to determine the full and complete scope of the infringing uses of their photographs by Defendants. Upon information and belief, a reasonable opportunity for discovery will yield evidence that the infringing uses identified in Exhibits 1-4 are not the complete scope of Defendants' infringement.

52. Upon information and belief, Defendants' unauthorized uses of the Subject Photographs was willful, intentional, and/or made in reckless disregard of Plaintiffs' copyrights.

53. Plaintiffs seek all damages and costs properly recoverable under the Copyright Act related to Defendants' infringements alleged herein.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A preliminary and permanent injunction against the Defendants precluding them from displaying, advertising, promoting, and/or selling the photographs identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of the Defendants;

2. All allowable damages under the Copyright Act, including but not limited to statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue and the Defendants' profits attributable to infringements;

3. Plaintiffs' full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter; and

4. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: January 12, 2023
      New York, New York

                                       Respectfully submitted,

                                       Kevin P. McCulloch (KM0530)
                                       Nate A. Kleinman (NK3168)
                                       McCulloch Kleinman Law
                                       501 Fifth Avenue, Suite 1809
                                       New York, New York 10017
                                       T: (212) 355-6050
                                       F: (206) 219-6358
                                       *Attorneys for Plaintiffs*